IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sylvia Jones,<br><br>    Plaintiff,<br>  v.<br><br>Mortgageit, et al.,<br><br>    Defendants.<br>_____/<br>Mortgage Electronic Registration Sys., et al.,<br><br>    Defendants.<br>_____/ | NO. C 10-00034 JW<br>NO. C 09-05113 JW<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DISMISSING COMPLAINT AS DUPLICATIVE** |

      Presently before the Court is Plaintiff's Application to Proceed *In Forma Pauperis*. (hereafter, "Application," C 10-00034, Docket Item No. 2.) Plaintiff seeks to proceed without being required to pay the full amount of fees, costs or security necessary to prosecute this action.

**A.**     **Application to Proceed *In Forma Pauperis***

      28 U.S.C. § 1915(a)(1) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affadavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Section 1915 further states that "such affadavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

Although the Ninth Circuit has not directly addressed whether non-prisoners may bring suit *in forma pauperis* under the 1996 amendment to § 1915(a), other circuits have found that this right still exists. Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds); Schagene v. U.S., 37 Fed. Cl. 661, 662 (Fed. Cl. 1997); see also Leanord v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996). In addition, the Supreme Court has held that an *in forma pauperis applicant* need not be "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948). It is sufficient if an applicant provides an affidavit stating that because of her poverty, he cannot "pay or give security for the costs" of a suit. Id.

In this case, Plaintiff has declared under penalty of perjury that she is unemployed, does not have a bank account, and owns cash in an amount of $3.87. (Application at 3.) Although Plaintiff declares that she receives $502.00 of unemployment benefits per month, she also declares monthly expenses totaling $494.00. (Id. at 2-3.) Based on Plaintiff's declaration of poverty, the Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis*.

**B.     Sufficiency of Plaintiff's Complaint**

Pursuant to 28 U.S.C. §1915(e), the Court proceeds to examine Plaintiff's Complaint. Plaintiff alleges twenty-one causes of action based on alleged acts by Defendants that harmed Plaintiff's credit score. Plaintiff previously filed a separate action covering similar subject matter. (hereafter, "First Action," C 09-05113.) Thus, the Court examines whether the present action is duplicative of the First Action.

A district court may exercise its discretion to dismiss a duplicative, later-filed action. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). "In assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id.

**1.     Same Causes of Action**

At issue is whether the two actions present the same claims.

1  To ascertain whether successive causes of action are the same, courts use the transaction
2 test, which states: "Whether two events are part of the same transaction or series depends on
3 whether they are related to the same sets of facts and whether they could conveniently be tied
4 together." Adams, 487 F.3d at 689. In applying the transaction test, courts look to four factors: (1)
5 whether rights or interests established in the prior judgment would be destroyed or impaired by
6 prosecution of the second action; (2) whether substantially the same evidence is presented in the two
7 actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two
8 suits arise out of the same transactional nucleus of facts. Id. The last factor is the most important.
9 Id.
10  Here, in the Second Action, Plaintiff alleges twenty-one causes of action, including fraud,
11 intentional misrepresentation, negligent misrepresentation, nondisclosure by fiduciary, violation of
12 the Real Estate Settlement Procedures Act, and intentional infliction of emotional distress. (See
13 "Complaint," C 10-00034 Docket Item No.1.) In the First Action, Plaintiff alleges sixteen causes of
14 action, including fraud, intentional misrepresentation, negligent misrepresentation, nondisclosure by
15 fiduciary, violation of the Real Estate Settlement Procedures Act, and intentional infliction of
16 emotional distress. (See First Amended Complaint, hereafter, "FAC," C 09-05113, Docket Item No.
17 6.) The causes of action in both cases stem from events related to Plaintiff's loans secured by the
18 subject property at 1057 Delna Manor Lane, San Jose, CA 95128. Thus, upon review of the facts
19 and causes of action alleged in both actions, the Court finds that the two actions share a common
20 transactional nucleus of facts.
21  Accordingly, the Court finds the causes of action to be sufficiently similar to support a
22 finding of duplicity.

### 2. Same Parties or Privies

24  Next, the Court must examine the similarity of parties in both actions.
25  Although the concept of privity traditionally applied to a narrow class of relationships in
26 which a person is so identified in interest with a party to former litigation that he represents precisely
27 the same right in respect to the subject matter involved, the Ninth Circuit has expanded the concept

3

to include a broader array of relationships which fit under the title "virtual representation." <u>Adams</u>, 487 F.3d at 691. The elements of virtual representation are an identity of interests, adequate representation, a close relationship, substantial participation, and tactical maneuvering. <u>Id.</u>

Here, as alleged, Defendant GMAC Mortgage purchased the servicing rights to Plaintiff's $371,200 loan in 2006. (Complaint, Ex. A at 1.) Defendants in the First Action later purchased the Deed of Trust on the $371,200 loan. (FAC, Ex. 6 at 1.) Plaintiff alleges that Defendants in each action filed false reports that adversely affected Plaintiff's credit score.

Upon review of the parties and facts from each Complaint, the Court finds that the interests of Defendants in each action substantially overlap. Although Defendants in each action do not have an *identity* of interests, the Court finds that judicial economy is best served by requiring Plaintiff to pursue this case as part of her First Action. Furthermore, both actions are in their earliest stages, and no answer has been filed in either action. Thus, the Court finds that dismissal of this case is appropriate in conjunction with allowing Plaintiff to amend the pleadings in the First Action to include Defendants in the Second Action, if she so choose.

Accordingly, the Court DISMISSES Plaintiff's Complaint as duplicative.

**C.     Conclusion**

In sum, the Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis*. The Court DISMISSES Plaintiff's Complaint as duplicative. The Clerk of Court shall close C 10-00034.

The Court GRANTS Plaintiff leave to amend her First Amended Complaint in the case C 09-05113 and to join all Defendants to the First Action, if she so choose. Any amended pleadings shall be filed on or before **February 12, 2010** in the C 09-05113 action.

Dated:  January 21, 2010

                                       JAMES WARE
                                       United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Sylvia Jones
P. O. Box 6043
Santa Clara, CA 95036

**Dated:  January 21, 2010**                                    **Richard W. Wieking, Clerk**

                                                    **By:      /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**