UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYLVIA JONES, <br><br> Plaintiff, <br><br> v. <br><br> MORTGAGEIT, et al., <br><br> Defendants. | Case No.: 10-CV-0034-LHK <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS; DENYING DEFENDANT GMAC MORTGAGE LLC'S REQUEST FOR ATTORNEY FEES <br><br> (re: docket #10 and #11) |

On January 21, 2010, The Honorable James Ware dismissed *pro se* Plaintiff Sylvia Jones's Complaint in this case (10-CV-0034) as "duplicative" of another case brought by Plaintiff (09-CV-05113). *See* Jan. 21, 2010 Order Granting Pl.'s App. to Proceed In Forma Pauperis, Dismissing Compl. as Duplicative [dkt. #7]. The Clerk closed this case (10-cv-0034) on January 21, 2010. Although closed, this case was reassigned to this Court on August 30, 2010 pursuant to an Order relating this case to 09-CV-05113.

On April 6, 2010, Plaintiff made a motion for sanctions under Federal Rule of Civil Procedure 11(b)(1)-(2) on the grounds that attorneys Brian Gunn, Stuart Wolfe, Kimberly Paese and the law firm of Wolfe & Wyman LLP (legal counsel for co-Defendant GMAC Mortgage LLC)

1

violated Civil Local Rule 11-4(c), which prohibits *ex parte* communication with a District Judge or her staff.[1]  Specifically, Plaintiff alleges that she was never provided a copy of a January 22, 2010 letter sent to the Court by GMAC Mortgage LLC's legal counsel informing this Court of a related Superior Court action in Santa Clara Superior Court.  *See* Jan. 22, 2010 Letter from Wolfe & Wyman LLP ("Letter") [dkt. #9].  Pursuant to Local Civil Rule 7-1(b), the Court finds this motion suitable for determination without oral argument.

Defendant GMAC Mortgage LLC argues: 1) there was no *ex parte* communication because the Letter indicated that Plaintiff was provided a carbon copy; and 2) in any event, the Letter merely informed the Court of a related Superior Court action and does not constitute sanctionable conduct.  Defendants are correct that the Letter indicated that Plaintiff was provided a carbon copy.  *See* Letter at 2 ("cc: Ms. Sylvia Jones").  Thus, there was no *ex parte* communication.  In addition, although letters from parties are generally prohibited in "pending cases," the Court notes that this case was actually *closed* at the time the Letter was sent and thus the case was not "pending."

Federal Rule of Civil Procedure 11(b)(1)-(2) provides:

> **(b) Representations to the Court.**
>
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] Civil Local Rule 11-4(c) provides:

> **(c) Prohibition against *Ex Parte* Communication.**
>
> Except as otherwise provided by law, these Local Rules or otherwise ordered by the Court, attorneys or parties to any action must refrain from making telephone calls or writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel.

2

Case No.: 10-CV-0034-LHK
ORDER DENYING MOTION FOR SANCTIONS

      (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

  The Court can discern no "improper purpose" in the Letter, and Plaintiff points to none in her motion.  The Letter merely informs the Court of a related action in Santa Clara Superior Court.  Moreover, the Letter was not even sent until *after* Judge Ware dismissed Plaintiff's Complaint and the Clerk terminated the case.  The sending of the Letter does not indicate unprofessional conduct or improper purpose on behalf of GMAC Mortgage LLC's legal counsel.  Thus, there is no violation of Federal Rule of Civil Procedure 11(b) or the Court's Local Rules, and the Court will not issue sanctions.

  Counsel for GMAC Mortgage LLC seek an award for the reasonable expenses and attorney fees incurred in opposing the motion for sanctions.  Under Federal Rule of Civil Procedure 11(c)(2), "*If warranted*, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."  (emphasis added)  The Court does not find that the circumstances of this motion warrant an award of attorney's fees.

  Accordingly, Plaintiff's motion for sanctions is DENIED.  GMAC Mortgage LLC's request for attorney fees is also DENIED.  The Court reminds Plaintiff that this case (10-CV-0034) is closed, and that all future filings should be in her open case (09-CV-05113).

**IT IS SO ORDERED.**

Dated: September 8, 2010

                LUCY H. KOH
                United States District Judge